SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Rene Antonio Vera,**<br>Petitioner<br>-vs-<br>**McDaniel, et al.,**<br>Respondents | CV-06-2455-PHX-NVW (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Diamondback Correctional Facility at Watonga, Oklahoma, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 16, 2006 (#1), challenging his incarceration pursuant to an Arizona judgment. On February 20, 2007 Respondents filed their Answer (#16). Petitioner has not filed a reply, but filed a Motion to Stay on March 7, 2007 (#19).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND

In September, 2003, police officers responded to reports of shots fired at a residence. The officers located a truck that had reportedly been at the scene when the shots were fired. They attempted to stop the truck, but the driver fled with the officers in pursuit. When the truck stopped, shots were fired at the officers. Ultimately, the driver and defendant were

1  apprehended.  (Exhibit A, Indictment; Exhibit D, Memorandum Decision at 2-3.)  (Exhibits

2  to the Answer, #16, are referenced herein as "Exhibit ___.")

3

4  **B. PROCEEDINGS AT TRIAL**

5      Petitioner was indicted on two counts of aggravated assault, and proceeded to trial.

6  (Exhibit D, Mem. Dec. at 1.)  Petitioner was convicted on both counts, and after an original

7  sentencing on July 12, 2004 was re-sentenced on August 23, 2004 to concurrent terms of

8  17.75 years on each count.  (*Id.* at 4; Exhibit A, Sentence 8/23/04.) [1]

9

10  **C.  PROCEEDINGS ON DIRECT APPEAL**

11      Petitioner filed through counsel a direct appeal arguing: (1) that the trial court had

12  erred in denying a motion for directed verdict on one of the counts based upon insufficient

13  evidence of the victim's reasonable apprehension of imminent physical injury; and (2) that

14  the reasonable doubt instruction was flawed.  In a Memorandum Decision issued October 18,

15  2005, the Arizona Court of Appeals rejected both arguments, and affirmed Petitioner's

16  convictions and sentences.  (Exhibit C, Opening Brief; Exhibit D, Mem. Dec.)

17      In rejecting Petitioner's reasonable doubt instruction claim, the Arizona Court of

18  Appeals found that the instructions given by the trial court were those mandated by the

19  Arizona Supreme Court in *State v. Portillo,* 182 Ariz. 592, 898 P.2d 970 (1995), and thus

20  they were powerless to consider Petitioner's attacks on the adequacy of the instructions.

21      Petitioner did not seek review by the Arizona Supreme Court.  (Petition, #1 at 2.)

22

23  **D.  PROCEEDINGS ON POST-CONVICTION RELIEF**

24      **First PCR Proceeding** - During the pendency of his direct appeal, on September 7,

25  2004, Petitioner filed his first state Notice of Post-Conviction Relief.  (Exhibit E, Trial Court

26  _____

27      [1] Appended to the end of Respondents' Exhibit A is a minute entry related to *State
v. Sanders*, Maricopa County Superior Court Cause Number CR 2001-005668.  The
28  undersigned presumes that this document was included in error.

Docket.)  Petitioner subsequently moved to dismiss the petition, and on October 29, 2004 that motion was granted.  (Exhibit F, Withdrawal and M.E. 10/29/04.)

**Second PCR Proceeding** - On November 10, 2005, following the denial of his direct appeal, Petitioner filed his second Notice of Post Conviction Relief.  (Petition, #1 at 2; Exhibit E, Docket at 2.)  Counsel was appointed, but failed to find any issues for review. (Exhibit E, Docket at 1 & 2.)  On April 17, 2006, Petitioner filed his *Pro Per* Petition for Post-Conviction Relief, asserting a variety of grounds for relief which Respondents characterize as "incomprehensib[le]."  (Exhibit G; Answer, #16 at 13.)

On July 19, 2006, the trial court rejected all of Petitioner's claims for relief.  The trial court found Petitioner's claims on the denial of the motion to acquit and the reasonable doubt instruction were decided by the Arizona Court of Appeals on direct review.  The trial court then held that: "As to all other purported grounds for Rule 32 relief cited by Defendant, they have been waived at trial or upon appeal, or they are unsupported by legal arguments or facts. Defendant's claims do not present material issues of fact or law."  (Exhibit H, M.E. 7/20/06.)

Petitioner did not seek review of this decision by either the Arizona Court of Appeals, or the Arizona Supreme Court.  (Petition, #1 at 3.)

**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

Petitioner filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 16, 2006 (#1).   Petitioner's Petition asserts the following grounds for relief:

1.     Failure to provide *Brady* disclosure of police reports with inconsistent statements of witnesses.

2.     Violation of double jeopardy based on Petitioner's re-sentencing.

3.     A. Insufficient evidence.

B. Erroneous reasonable doubt instruction.

4.     Ineffective assistance of trial and appellate counsel based upon:

A. Trial counsel refused to call a witness.

B.   Trial counsel failed to timely object to the denial of the motion for acquittal.

C.   Trial counsel failed to pursue inconsistent testimony.

D.   Trial counsel failed to pursue errors at the preliminary hearing and the forging of the supervening indictment.

E.   Trial counsel failed to object to an unconstitutional jury selection.

F.   Trial counsel failed to call expert witnesses and to pursue discovery.

G.   Appellate counsel refused to allow Petitioner to file a supplemental brief on direct appeal.

H.   Appellate counsel failed to maintain adequate communications.

5.   Petitioner was not provided a timely preliminary hearing or supervening indictment, and the date on the supervening indictment has been forged.

6.   Petitioner was denied due process because:

A.   The prosecution failed to disclose inconsistent witness statements.

B.   Evidence showed that the police car was shot with a bullet larger than the caliber of Petitioner's weapon, and there was no expert testimony to support Petitioner's conviction.

C.   Trial counsel refused to allow Petitioner's witnesses to testify.

D.   Petitioner's jury was racially unbalanced, consisting of only "white people."

On February 20, 2007 Respondents filed their Answer (#16).  Respondents argue that Petitioner's **Ground Three** for relief (insufficient evidence and reasonable doubt instruction) raises claims similar to those raised on direct appeal before the Arizona Court of Appeals. However, the insufficient evidence claim was not asserted as a federal claim, and Petitioner failed to appeal the reasonable doubt instruction claim to the Arizona Supreme Court, the only court with authority to grant Petitioner relief.  (Answer, #16 at 9-10.)  Respondents further argue that Petitioner's reasonable doubt instruction claim is without merit because the United States Supreme Court has never barred the use of the form of reasonable doubt

1   instruction employed by the trial court.  (*Id.* at 10-13.)

2       Respondents argue that they cannot decipher from his second PCR petition whether

3   Petitioner asserted his **Grounds, One, Two, Four, Five and Six** to the Arizona trial court,

4   but that they are in any event procedurally barred under the independent and adequate state

5   bar applied by the trial Court.  (*Id.* at 13.)  Respondents further argue that those claims are

6   not properly exhausted because Petitioner did not pursue his claims to the Arizona Court of

7   Appeals.  (*Id.* at 14.)

8       Petitioner has not filed a reply, but filed a Motion to Stay on March 7, 2007 (#19).

9   Petitioner's motion, captioned "Motion to Stay Out of Petition for Writ of Habeas Corpus,"

10  seeks to stay these habeas proceedings to allow Petition to exhaust his state remedies.

11  Respondents have not responded to this motion.

12

13              **III. APPLICATION OF LAW TO FACTS**

14  **A.  EXHAUSTION, PROCEDURAL DEFAULT, AND PROCEDURAL BAR**

15  **1.  Exhaustion Requirement**

16      Generally, a federal court has authority to review a state prisoner's claims only if

17  available state remedies have been exhausted.  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)

18  (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28

19  U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to

20  show that he has properly exhausted each claim.  *Cartwright v. Cupp,* 650 F.2d 1103, 1104

21  (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

22      Ordinarily,  "to exhaust one's state court remedies in Arizona, a petitioner must first

23  raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-

24  conviction relief pursuant to Rule 32."  *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir.

25  1994).   Only one of these avenues of relief must be exhausted before bringing a habeas

26  petition in federal court.   This is true even where alternative avenues of reviewing

27  constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209, 1211

28  (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S.

1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 n. 3 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).[2]

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented."  That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.  28 U.S.C. § 2254;  *Picard v. Connor,* 404 U.S. 270, 276-277 (1971).  A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.  *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2002).

**2.  Exhaustion of Grounds One, Two, Four, Five and Six**

As discussed above, Petitioner is required, at a minimum, to have asserted his claims to the Arizona Court of Appeals to have properly exhausted.  Petitioner's only foray to the Arizona Court of Appeals was on direct appeal.  Therefore, the only claims possibly properly exhausted are those claims raised on direct appeal.

Those appealed claims were limited to the claims now asserted by Petitioner in his Ground Three (Insufficient Evidence, and Reasonable Doubt Instruction).  Consequently, Petitioner's **Ground One, Two, Four, Five and Six** are not properly exhausted.  (Whether these claims are also procedurally defaulted and/or procedurally barred will be discussed hereinafter.)

/ /

/ /

---

[2] Respondents argue that *Swoopes* is no longer valid following the Supreme Court's decision in *Baldwin v. Reese*, 541 U.S. 27 (2004).  (Answer, #16 at 4, n. 4.)  However, *Castillo* was decided in 2005, after *Baldwin,* and continues to adhere to the holding and analysis of *Swoopes*.

### 3.  Exhaustion of Ground Three

As for Petitioner's **Ground Three** claims, Respondents argue that the first part of Ground Three, based on **insufficient evidence**, was not properly exhausted because it was not fairly presented as a federal claim.  In his Opening Brief, Petitioner's challenge to the sufficiency of the evidence was based solely on state authorities.  It was founded on the argument that the trial court abused its discretion under Rule 20, Arizona Rules of Criminal Procedure, to deny Petitioner's motion for judgment of acquittal.  (Exhibit C at 5-9.)

To properly exhaust, Petitioner must have asserted the federal nature of his claim to the state courts.  It is not enough that a "somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(per curiam).  Indeed, it is not enough "to raise a state claim that is analogous or *closely similar* to a federal claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (emphasis added).  *But see Baldwin v. Reese*, 541 U.S. 27, 34 (2004) (Stevens J. dissenting) (arguing exhaustion should be found where "there is no significant difference" between cited state law and uncited federal law).  In *Hiivala v. Wood,* 195 F.3d 1098 (9th Cir. 1999), the Court held that presentation of an "insufficient evidence" claim based on state law was insufficient to raise a federal due process claim of insufficient evidence.  "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion."  *Id.* at 1106.  Accordingly, the undersigned finds that Petitioner's insufficient evidence claim was not fairly presented, and was not properly exhausted.

The balance of Petitioner's **Ground Three**, based on the **reasonable doubt instruction**, was plainly asserted to the Arizona Court of Appeals as a federal claim for denial of due process under the 14th Amendment, and a denial of the right to trial by jury under the 6th and 14th Amendments.  (Exhibit C at 9.)   Respondents do not contend otherwise.  Ordinarily, that would be the end of the matter, and this Court would conclude that this claim was properly exhausted.

However, Respondents argue that Petitioner was required to pursue this claim to the Arizona Supreme Court because the Arizona Court of Appeals based its denial upon the instructions of the Arizona Supreme Court in *State v. Portillo*, 182 Ariz. 592, 898 P.2d 970

1   (1995).   In *Portillo*, the Arizona high court directed the use of reasonable doubt instructions

2   permitting a conviction where the jury is "firmly convinced that the defendant is guilty." *Id.*

3   at 596, 898 P.2d at 974.  In affirming Petitioner's conviction, the Arizona Court of Appeals

4   relied on *Portillo*, and concluded that it was without authority to overrule the Arizona

5   Supreme Court's pronouncement therein.

6          As noted above, the general rule under *Swoopes* is that presentation to the Arizona

7   Court of Appeals is sufficient for most Arizona prisoners to exhaust their state remedies.[3]

8   *Swoopes* is based on the Supreme Court's direction in *O'Sullivan v. Boerckel,* 526 U.S. 838

9   (1999) that state courts are free to designate the portions of their review process that should

10   be pursued by their prisoners in seeking state review.  Based on the Arizona Supreme Court's

11   direction in *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989) that it's discretionary review

12   was unnecessary to exhaust for federal habeas purposes, the *Swoopes* court applied

13   *O'Sullivan* and concluded that presentation to the Arizona Court of Appeals was sufficient

14   to exhaust.  *Swoopes ,* 196 F.3d at 1009-10.

15          Respondents now wish this Court to create an exception where the Arizona Court of

16   Appeals finds itself bound by Arizona Supreme Court precedent.  However, *O'Sullivan*, and

17   by application *Swoopes*, was based on the rationale underlying the exhaustion requirement

18   that "it would be unseemly in our dual system of government for a federal district court to

19   upset a state court conviction without an opportunity to the state courts to correct a

20   constitutional violation."  *Rose v. Lundy,* 455 U.S. 509, 518 (1982).  *O'Sullivan* also

21   recognized, however, that the state courts remain the masters of defining what procedures

22   they want exhausted.  That approach allows the state courts to avoid inundation with

23   petitions by prisoners seeking review on issues on which the state courts have a firm position,

24   solely for the purpose of federal exhaustion.  The exception proposed by Respondents would

25   undo that very advantage, once again forcing the state courts to review discretionary petitions

26   _____

27          [3] Exceptions were noted in *Swoopes* for cases involving life sentences and death
    sentences. *Sandon*, 161 Ariz. at 158, 777 P.2d at 221 (citing Ariz. Rev. Stat. A.R.S. §
28   12-120.21(A)(1)).

1    asserting arguments which many times they have already rejected.  Of course, the Arizona

2    Supreme Court may chose to do so, by refining its instructions on when discretionary review

3    is and is not necessary for federal exhaustion purposes.  But the Arizona Supreme Court has

4    made no such exceptions.

5        Based on the foregoing, the undersigned concludes that Petitioner's state remedies on

6    his claim reasonable doubt instruction claim were properly exhausted.

7

8    **4.  Procedural Bar of Grounds One, Two, Four, Five and Six**

9        Respondents argue that to the extent that Petitioner may have presented his other

10   claims in his PCR petition, they were disposed of on independent and adequate state grounds

11   and are thus barred from federal habeas review.

12       Federal habeas review of a defaulted federal claim is precluded when the state court

13   has disposed of the claim on a procedural ground "that is both 'independent' of the merits of

14   the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed,* 489 U.S.

15   255, 260 (1989).

16       Here, in rejecting Petitioner's PCR Petition, the trial court ruled: "As to all other

17   purported grounds for Rule 32 relief cited by Defendant, they have been waived at trial or

18   upon appeal, or they are unsupported by legal arguments or facts.  Defendant's claims do not

19   present material issues of fact or law."  (Exhibit H, M.E. 7/20/06.) The trial court offered no

20   explanation which of the disjunctive bases for denial applied to which claims, i.e. whether

21   the procedural bar of waiver, or the failure to make out a claim.   While the former arguably

22   would constitute an independent and adequate state ground, the latter would necessitate an

23   analysis of the merits of the claims made (or not) by Petitioner.

24       The state court may reach "the merits of a federal claim in an alternative holding" and

25   still avoid habeas review, "as long as the state court explicitly invokes a state procedural bar

26   rule." *Harris*, 489 U.S. at 264 n. 10 (1989). However, if the state court decision does not

27   make such an explicit invocation, and it can be reasonably concluded that the decision fairly

28   rests on federal grounds, the habeas court must presume that it is based on federal grounds.

*Siripong v. Calderon*, 35 F.3d 1308, 1317 (9th Cir. 1994); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). Thus, where, as here, a state court decision appears to rely on more than one state law grounds, but affords no basis for choosing between a state law ground that would bar federal review, and one that would not (i.e. because it is not "independent"), that decision cannot bar federal review. *Koerner v. Grigas*, 328 F.3d 1039, 1052 (9th Cir. 2003).

Thus, to the extent that Petitioner did present his federal claims in Ground One, Two, Four, Five or Six in his PCR Petition, those claims were not, for Federal habeas purposes, procedurally barred on independent and adequate state grounds.  Thus, they are merely unexhausted as a result of Petitioner's failure to seek review by the Arizona Court of Appeals.

**5.  Procedural Default of Unexhausted Claims**

Respondents argue that Petitioner's claims are not only unexhausted, but are now procedurally defaulted and therefore subject to dismissal with prejudice.

Ordinarily, unexhausted claims are dismissed *without prejudice.  Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would  excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

In his Motion to Stay, Petitioner seeks to stay this proceeding so he can exhaust his state remedies, but he does not identify what state remedies he believes remain available.

Remedies by Direct Appeal - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence.  The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal.  *See generally* Ariz.R.Crim.P. 31.  Accordingly, direct appeal is no longer available for Petitioner's

unexhausted claims.

Remedies by Post-Conviction Relief - Petitioner can no longer seek review by the Arizona Court of Appeals of whatever issues he may have raised in his Second PCR petition. Ariz.R.Crim.P. 32.9(c) provides that a petition for review must be filed within 30 days of the trial court's decision.  Petitioner's Second PCR Petition was denied long ago.

Nor can Petitioner seek review of "new" claims by a subsequent PCR Petition. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."  *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule).   That time has also long since passed.

While Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any of these exceptions are applicable to him.   Nor does it appears that such exceptions in Rule 32.1 would apply to Petitioner.  The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the

underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Paragraph (f) has no application where the petitioner filed a timely notice of appeal, and the notice of post-conviction relief of-right applies only to petitions filed following a guilty or nolo contendre plea. *See* Ariz.R.Crim.P. 32.1 (defining when petition of-right). *See also Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998) (on certified question holding that "notice of appeal" in 32.1(f) is direct appeal only, and not appeal from denial of post-conviction relief). Paragraph (g) has no application because Petitioner has not asserted a change in the law occurring since his last state PCR petition. Finally, paragraph (h) has no application because Petitioner makes no claim of actual innocence. At most he asserts insufficiency of of the evidence. These arguments have already been rejected by the Arizona courts in Petitioner's direct appeal. Accordingly, the undersigned must conclude that review through Arizona's post-conviction relief process is no longer possible.[4]

## 4. Cause and Prejudice

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may still obtain federal habeas review of that claim upon a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984). Although both "cause" and "prejudice" must

---

[4] Moreover, it is likely that Petitioner's claims are barred under Arizona's rules of preclusion. *See* Ariz.R.Crim.P. 32.2(a). Because of the limited development of Arizona law on the exception for claims of "sufficient constitutional magnitude," *see Stewart v. Smith,* 536 U.S. 856 (2002), and the applicability of other clear procedural bars, the undersigned does not reach Respondents' argument on the preclusion bar. (*See* Answer, #16 at 14, citing Rule 32.2(a).)

be shown to excuse a procedural default, a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac,* 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis,* 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).

Petitioner has not replied, and his Motion to Stay does not offer any basis for a finding of cause and prejudice. However, in the Petition, Petitioner alleges the following causes for his failure to exhaust: (1) lack of legal education; (2) lack of counsel; and (3) limited access to the law library. (Petition, #1 at 5-10.) However, Petitioner was represented by counsel at both instances where he could or should have asserted his claims, *i.e.* on direct appeal and his second PCR petition. Accordingly, Petitioner's *pro se* status and limited knowledge of or access to the law is irrelevant to explaining his failure to properly exhaust.

It is true that the record herein provides no indication that Petitioner had counsel available to file an appeal on his second PCR petition, which appeal was necessary to exhaust the claims therein. However, the "cause and prejudice" standard is equally applicable to pro se litigants, *Harmon v. Barton,* 894 F.2d 1268, 1274 (11th Cir. 1990); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986). Accordingly, Petitioner's bare assertion of his *pro se*, untrained status is insufficient to establish cause.

On the other hand, a *pro se* petitioner may be able to establish cause if he can establish a lack of access to the law, as opposed to a lack of knowledge of the law. *See e.g. Dulin v. Cook,* 957 F.2d 758 (10th Cir. 1992) (remanding for a determination of cause where a pro se petitioner's incarceration in Nevada precluded access to Utah legal materials required to challenge a Utah conviction). *Compare Whalem/Hunt v. Early,* 233 F.3d 1146 (9th Cir. 2000) (holding lack of library materials may establish an "impediment" which would toll the statute of limitations applicable to habeas petitions). However, the petitioner must establish that the lack of access resulted in an inability to assert his claims. *See e.g. Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991) (finding no "cause" where despite lack of resources generally, pro se prisoner had not shown personal deprivation, and had managed to file other adequate petitions.) Here, Petitioner offers nothing other than his bare claim of limited access to the law library. He does not establish how that precluded him from raising his claims with the

1   state courts.

2       Based on the foregoing, the undersigned finds that Petitioner has failed to establish

3   "cause" to excuse his procedural default.

4

5   **5.  Actual Innocence**

6       The standard for "cause and prejudice" is one of discretion intended to be flexible and

7   yielding to exceptional circumstances.   *Hughes v. Idaho State Board of Corrections*, 800

8   F.2d 905, 909 (9th Cir. 1986).  Accordingly, failure to establish cause may be excused "in

9   an extraordinary case, where a constitutional violation has probably resulted in the conviction

10  of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis

11  added).  Petitioner makes no claim of actual innocence.  Rather, he simply argues that there

12  was insufficient evidence presented at trial. However, to be excused from his procedural

13  default Petitioner must "show actual, factual innocence, not just legal insufficiency of the

14  evidence. To establish actual innocence, [the petitioner] must now demonstrate in light of all

15  the evidence, including new evidence that might be introduced by both sides, that 'it is more

16  likely than not that no reasonable juror would have convicted him.' " *U.S. v. Ratigan,* 351

17  F.3d 957, 965 (9th Cir. 2003) (citations omitted).  Petitioner has not attempted to meet this

18  burden.

19

20  **6.  Summary re Procedural Default**

21      Based upon the foregoing, the undersigned finds that, with the exception of the

22  portion of Petitioner's Ground Three attacking the reasonable doubt instruction, Petitioner's

23  claims are all procedurally defaulted, and must be dismissed with prejudice.

24

25  **B.  GROUND THREE, PART B, REASONABLE DOUBT INSTRUCTION**

26      Petitioner argues in Ground Three that he was denied due process of law and the right

27  to trial by jury when the trial court utilized a "reasonable doubt" jury instruction that utilized

28  "firmly convinced" terminology.  The trial court instructed, in pertinent part:

> If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

(Exhibit D, Mem. Dec. at 4.)  Respondents urge that this claim is without merit because the United States Supreme Court has never disapproved of this form of instruction, and the Ninth Circuit has approved of it.  (Answer, #16 at 12.)

"The Due Process Clause of the Fourteenth Amendment denies States the power to deprive the accused of liberty unless the prosecution proves beyond a reasonable doubt every element of the charged offense." *Carella v. California,* 491 U.S. 263, 265 (1989) (citation omitted). "Jury instructions relieving States of this burden violate a defendant's due process rights." *Id.* (citations omitted). "Although the Constitution does not require jury instructions to contain any specific language, the instructions must convey both that a defendant is presumed innocent until proven guilty and that he may only be convicted upon a showing of proof beyond a reasonable doubt." *Gibson v. Ortiz,* 387 F.3d 812, 821 (9th Cir. 2004) (citing *Victor v. Nebraska,* 511 U.S. 1, 5 (1994)).

Here, the instruction mandated by *Portillo* and used by the trial court are nearly a verbatim copy of the pattern jury instruction on reasonable doubt adopted by the Federal Judicial Center.  *State v. Van Adams,* 194 Ariz. 408, 418, 984 P.2d 16, 26 (Ariz.,1999) (noting instruction based on FJC instruction); *Victor v. Nebraska,* 511 U.S. 1, 27 (1994) (Ginsburg, J., concurring) (citing approvingly Federal Judicial Center, Pattern Criminal Jury Instructions, at 17-18 (instruction 21), utilizing a "firmly convinced"/"real possibility" formulation). *See also  U.S. v. Jaramillo-Suarez,* 950 F.2d 1378, 1386 (9th Cir. 1991) (noting that Ninth Circuit Model Jury Instruction No. 3.03 (1989) utilized a "firmly convinced" formulation). *But see* Ninth Circuit Model Jury Instruction No. 3.5 (2007) (eliminating "firmly convinced" formulation, but noting in the Comment its approval in *United States v. Velasquez,* 980 F.2d 1275, 1278 (9th Cir. 1992)).

Moreover, it is not sufficient that this Court, or even the Ninth Circuit, might discern some inadequacy in the trial court's instruction.  To justify habeas relief, a state court's

decision must be "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" before relief may be granted. 28 U.S.C. §2254(d)(1).  Petitioner has presented no United States Supreme Court authority in support of his challenge to the instruction, and the undersigned finds none. To the contrary, Justice Ginsburg, in her concurring opinion in *Victor*, praised the FJC instruction as "clear, straightforward, and accurate," noting that it "surpasses others I have seen in stating the reasonable doubt standard succinctly and comprehensibly." *Victor*, 511 U.S. at 27. Moreover, the Ninth Circuit has upheld language that is identical or substantially similar to the FJC's pattern instruction. *See, e.g., United States v. Artero,* 121 F.3d 1256, 1257-59 (9th Cir.1997) (approving use of "firmly convinced" / "real possibility" instruction). Therefore, the undersigned concludes that the Arizona Court of Appeals did not unreasonably apply clearly established federal law in denying Petitioner's claim on the reasonable doubt instruction.

## C. SUMMARY REGARDING PETITION

The claims in Petitioner's Ground Three concerning the reasonable doubt instruction are without merit must be denied.

The claims in Ground Three concerning the insufficiency of the evidence  were not presented as a federal claim, are unexhausted, and procedurally defaulted.  The claims in Ground One, Two, Four, Five, and Six were either never presented, or were presented in Petitioner's Second PCR Petition, but not exhausted by seeking review by the Arizona Court of Appeals.  Those claims are all now procedurally defaulted.

Petitioner has not shown cause and prejudice or actual innocence to avoid the effect of his procedural default.  Accordingly, these procedurally defaulted claims must be dismissed.

## D.  MOTION TO STAY

Petitioner filed a Motion to Stay on March 7, 2007 (#19), seeking to stay

1  consideration of his habeas petition to allow him to exhaust his state remedies. As discussed

2  herein above, while Petitioner's claims are not properly exhausted, they are technically

3  exhausted to the extent that Arizona's procedural bars would prevent the claims from being

4  asserted now.  Accordingly, a stay would be a futile exercise, as would a dismissal without

5  prejudice.  Accordingly, this motion should be denied.

6

7  ## IV.  RECOMMENDATION

8      **IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Stay, filed

9  March 7, 2007 (#19), be **DENIED.**

10

11      **IT IS FURTHER RECOMMENDED** that the portion of Ground Three   of

12  Petitioner's Petition for Writ of Habeas Corpus, filed October 16, 2006 (#1), challenging the

13  reasonable doubt instruction be **DENIED**.

14

15      **IT IS FURTHER RECOMMENDED** that the remainder of Petitioner's Petition for

16  Writ of Habeas Corpus, filed October 16, 2006 (#1) be **DISMISSED WITH PREJUDICE**.

17

18  ## V. EFFECT OF RECOMMENDATION

19      This recommendation is not an order that is immediately appealable to the Ninth

20  Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of*

21  *Appellate Procedure*, should not be filed until entry of the district court's judgment.

22      However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

23  have ten (10) days from the date of service of a copy of this recommendation within which

24  to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing

25  Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a

26  response to the objections.  Failure to timely file objections to any factual or legal

27  determinations of the Magistrate Judge will be considered a waiver of a party's right to *de*

28  *novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

1  Cir. 2003)(*en banc*).

2

3  DATED: May 22, 2007

4  _____
   JAY R. IRWIN
   United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28