# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Antonio Vera, ) | No. CV 06-02455-PHX-NVW (JI) |
| Petitioner, ) | **ORDER** |
| v. ) | |
| McDaniel, et al., ) | |
| Respondents. ) | |

Pending before the court is the Report and Recommendation ("R&R") of Magistrate Judge Irwin (Doc. # 21) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 1). The R&R recommends that the Petition be denied on Ground Three and dismissed with prejudice on the remaining grounds. The Magistrate Judge advised the parties that they had ten days to file objections to the R&R. (R&R at 17 (citing 28 U.S.C. § 636(b)).

Petitioner now objects (Doc. # 24) to the recommendation that the Grounds other than Ground Three be dismissed for failure to exhaust state remedies. Petitioner argues that his failure to appeal the denial of his state court petition for post-conviction relief should be excused because he was in lock down and could not prepare an appeal. The objection will be overruled for two independent reasons. First, Petitioner held back this contention and the factual basis for it in the proceedings before the Magistrate Judge. He could have filed a reply to Respondents' answer, which answer asserted the failure to appeal in the state courts as a fatal failure to exhaust state court remedies. He did not. The district court need not

1  consider contentions not first presented to the Magistrate Judge. *United States v. Armstrong*,
2  951 F.2d 626, 630 (5th Cir. 1992); *Borden v. Secretary of HHS*, 836 F.2d 4, 6 (1st Cir. 1987);
3  *Kirk v. Meyer*, 279 F. Supp. 2d 617, 619 (E.D. Pa. 2003) (collecting cases). Those cases deal
4  with principal claims omitted from the petition and sought to be raised first in the objections
5  to the report and recommendation. This case deals with a factual contention (supposed
6  inability to prepare and mail a notice of appeal) not presented to the Magistrate Judge but
7  which plainly was called for by Respondents' answer. The purpose of requiring factual
8  contentions to be presented first to the Magistrate Judge fully applies here.

9  Second, Petitioner's new contention fails to show that he could not have filed a notice
10 of appeal to the Arizona Court of Appeals even while in lock down. His grievances
11 concerning lock down interfering with his legal work predated the time that he needed to file
12 a notice of appeal from the Superior Court's denial of post-conviction relief and relate to his
13 legal work in general. If Petitioner had attempted to make a specific showing that he could
14 not file a notice of appeal, it would not have been credible, as the notice of appeal is a one-
15 page document. Ariz. R. Crim. P. 31.2.

16 The court has considered the objections and reviewed the Report and
17 Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the
18 court must make a de novo determination of those portions of the Report and
19 Recommendation to which specific objections are made). The court agrees with the
20 Magistrate Judge's determinations, as supplemented by this order, accepts the recommended
21 decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's
22 objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or
23 modify, in whole or in part, the findings or recommendations made by the magistrate").

24 Insofar as the Magistrate Judge also ruled on any non-dispositive matters, error may
25 not be assigned to any defect in those rulings to the extent that an aggrieved party did not file
26 a timely objection. Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of
27 the magistrate judge's order, a party may serve and file objections to the order; a party may
28 not thereafter assign as error a defect in the magistrate judge's order to which objection was

1 not timely made."). The absence of a timely objection precludes later assignment of error 2 in this court or in any higher court of the non-dispositive rulings of a magistrate judge. 3 *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *Philipps v. GMC*, 289 4 F.3d 1117, 1120-21 (9th Cir. 2002).

5 IT IS THEREFORE ORDERED that Report and Recommendation of the Magistrate 6 Judge (Doc. # 21) is accepted.

7 IT IS FURTHER ORDERED that petitioner's Petition for Writ of Habeas Corpus 8 filed pursuant to 28 U.S.C. § 2254 (Doc. # 1) is denied on Ground Three and dismissed with 9 prejudice on the remaining grounds.

10 IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment 11 accordingly. The Clerk shall terminate this action.

12 DATED this 20th day of August 2007.

_____
Neil V. Wake
United States District Judge